THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIRIAM ZAYAS, | CASE NO. C24-1011-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| CHRISTIAN MCMULLIN, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On July 10, 2024, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Dkt. No. 5.) Summons has not yet issued. A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, the Court must dismiss a complaint any time it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R. Civ. P. 12(h)(3).

According to Rule 8,[1] a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8. Here, the Court finds Plaintiff's complaint fails to establish this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. Whereas federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331. This complaint establishes neither. It alleges that Plaintiff and Defendants are Washington citizens. (*See* Dkt. No. 6 at 2.) As such, it fails to plead diversity jurisdiction. And it is not clear how the conduct alleged arises under federal law.[2] (*See id.* at 10–15.)

To be clear, lack of subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is perhaps conceivable that Plaintiff could adequately plead violations of federal law. For this reason, the Court finds that leave to amend is warranted.

---

[1] While the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[2] The complaint asserts that Defendant "contracts with the state [sic] obviously so it's under 1983 and she's acting under color of law." (Dkt. No. 6-1 at 1.) But the complaint lacks factual allegations demonstrating the plausibility of this conclusory statement. While, indeed, a contractor can be liable pursuant to 28 U.S.C. § 1983 for a constitutional deprivation, for example, so long as that conduct is consistent with the contract at issue, *see Tapia v. NaphCare Inc.*, 2024 WL 184256, slip op. at 7 n.7 (W.D. Wash. 2024), the simple existence of a state contract does not bestow blanket § 1983 liability on that contractor.

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days after the date this order is signed.[3] If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B).

DATED this 10th day of July 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk

---

[3] Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the legally cognizable claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.